UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GAIL G. VINEYARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-00404-MJD-WTL |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON JUDICIAL REVIEW**

Gail G. Vineyard ("Vineyard") requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3)(A). For the reasons set forth below, the Commissioner's decision is **REVERSED AND REMANDED**.

I.  **Background**

Vineyard filed an application for DIB on April 9, 2013, alleging an onset of disability date of January 1, 2010. [Dkt. 10-5 at 225.] Vineyard alleges disability due to depression, anxiety, adjustment disorder with anxiety and depressed mood, alcohol abuse, degenerative disc disease of the lumbar spine, carpal tunnel syndrome, obesity, and irritable bowel syndrome.[1] [Dkt. 10-2 at 15.] Vineyard's application was initially denied on June 28, 2013, and denied again

---

[1] Vineyard and the Commissioner recited the relevant factual and medical background in more detail in their opening briefs. [*See* Dkt. 19 and Dkt. 24.] Because these facts involve Vineyard's confidential and otherwise sensitive medical information, the Court will incorporate by reference the factual background in the parties' briefs but will articulate specific facts as needed below.

on August 5, 2013, upon reconsideration. [Dkt. 10-4 at 129–145.] Vineyard timely filed a written request for a hearing, which was held on March 4, 2015, before Administrative Law Judge John Metz. ("ALJ"). [*Id*. at 146–147.] The ALJ issued a decision on April 1, 2015, again denying Vineyard's application for DBI. [Dkt. 10-2 at 10.] On August 15, 2016, the Appeals Council denied Vineyard's request for review, making the ALJ's decision the final decision for purposes of judicial review. [Dkt. 10-2 at 1.] Vineyard timely filed her Complaint with this Court on October 18, 2016, which Complaint is now before the Court.

**II.     Legal Standard**

To be eligible for DIB or SSI, a claimant must have a disability pursuant to 42 U.S.C. § 423.[2] Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the Commissioner, as represented by the ALJ, employs a five-step sequential analysis: (1) if the claimant is engaged in substantial gainful activity, she is not disabled; (2) if the claimant does not have a "severe" impairment, one that significantly limits his ability to perform basic work activities, she is not disabled; (3) if the claimant's impairment or combination of impairments meets or medically equals any impairment appearing in the Listing of Impairments, 20 C.F.R. pt. 404, subpart P, App. 1, the claimant is disabled; (4) if the claimant is not found to be disabled at step three and she is able to perform

---

[2] In general, the legal standards applied in the determination of disability are the same regardless of whether a claimant seeks DIB or SSI.  However, separate, parallel statutes and regulations exist for Disability Insurance Benefits and Supplemental Security Income claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provisions as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

her past relevant work, she is not disabled; and (5) if the claimant is not found to be disabled at step three and cannot perform her past relevant work but she can perform certain other available work, she is not disabled. 20 C.F.R. § 404.1520. Before proceeding from step three to step four, the ALJ must assess the claimant's residual functional capacity (RFC), identifying the claimant's functional limitations and assessing the claimant's remaining capacity for work-related activities. S.S.R. 96-8p.

The ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* This Court may not reweigh the evidence or substitute its judgment for that of the ALJ but may only determine whether substantial evidence supports the ALJ's conclusion. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008) (citing *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (citing *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985); *Zblewski v. Schweiker*, 732 F.2d 75, 79 (7th Cir. 1984)). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). To be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into his reasoning" and "build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

### III.  The ALJ's Decision

The ALJ first determined that Vineyard has not engaged in substantial gainful activity since January 1, 2010, the alleged onset date. [Dkt. 10-2 at 15.] At step two, the ALJ determined that Vineyard "has the following severe impairments: depression, anxiety, adjustment disorder with anxiety and depressed mood, alcohol abuse, degenerative disc disease of the lumbar spine, carpal tunnel syndrome, obesity, and irritable bowel syndrome." [*Id.*] However, at step three, the ALJ found that Vineyard does not have an impairment or combination of impairments that meets or medically equals a listed impairment. [*Id.*] In making this determination, the ALJ considered Listings 1.02 (Dysfunction of a Joint Due to Any Cause), 1.04 (Disorder of the Spine), 5.06 (Inflammatory Bowel Disease), 12.04 (Affective Disorders), 12.06 (Anxiety Related Disorders), 12.09 (Substance Addiction Disorders), and Social Security Ruling 02-1p (Obesity). [Dkt. 10-2 at 16.]

The ALJ next analyzed Vineyard's residual functional capacity ("RFC"). He concluded that Vineyard had the RFC to perform a range of light work except:

> [Claimant can] lift and carry ten pounds frequently and twenty pounds occasionally with pushing and pulling the same, sit six hours in an eight-hour workday, stand six hours in an eight-hour workday, walk six hours in an eight-hour workday, occasionally bend, stoop, crawl or kneel; occasionally climb stairs or ramps; never climb ladders, ropes, or scaffolding; frequently reach forward bilaterally; occasionally reach overhead bilaterally; never be exposed to unprotected heights or moving machinery; occasional driving and occasional use of foot controls; simple and repetitive tasks akin to unskilled work; occasional contact with the public and peers; a job with regular work expectations whatever you do on Monday the same the rest of the week with little or no change, and no fast-paced or factory work.

In finding these limitations, the ALJ considered Vineyard's "symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." [Dkt. 10-2 at 19.] At step four, the ALJ concluded that the

Plaintiff is unable to perform any past relevant work. [Dkt. 10-2 at 24.] The ALJ thus proceeded to step five, at which time he received testimony from the vocational expert indicating that someone with Plaintiff's education, work experience, age, and RFC would be able to perform unskilled light occupations such as a housekeeping cleaner and inspector. Because these jobs existed in significant numbers in the national economy, the ALJ concluded that Plaintiff was not disabled. [Dkt. 10-2 at 26.]

## IV. Discussion

Vineyard asserts the ALJ committed two errors that require remand: (1) the ALJ erred in preparing an RFC which failed to discuss all relevant medical evidence; and (2) the ALJ erred by failing to accommodate Vineyard's limitations relating to her Irritable Bowel Syndrome ("IBS") in Vineyard's RFC and the hypothetical questions posed to the Vocational Expert ("VE").

### A. Relevant Medical Evidence

Vineyard first argues that the ALJ erred in preparing an RFC which failed to discuss relevant medical evidence. Specifically, Vineyard alleges the ALJ erred in not considering, analyzing, or mentioning the medical opinion of Nurse Practitioner Julie Pierce. Furthermore, Vineyard alleges that the ALJ failed to offer any reason for rejecting the finding of the Veteran's Administration that Gail was "unemployable." The Court addresses each argument relating to the ALJ's discussion of medical evidence in turn below.

#### 1. *Nurse Practitioner Julie Pierce*

On May 18, 2012, Nurse Practitioner Julie Pierce completed a General Medical Compensation exam on Vineyard at the Veteran's Administration. [Dkt. 10-8 at 394.] Ms. Pierce identified degenerative disc disease and transitional lumbar anatomy, and further noted the pain

continued despite a spinal fusion performed in 2006. [*Id.* at 401.] Ms. Pierce specified Vineyard's thoracolumbar spine condition affected her ability to work as follows:

> The veteran's service connected degenerative disc disease lumbar spine would not prevent her from securing and maintaining substantially gainful employment. Her low back condition certainly could restrict employment opportunities; however, the disability would not prevent her from engaging in employment of a more sedentary nature which would allow for frequent breaks and position changes. She would have difficulties in any position that would require lifting, carrying, bending, twisting, walking for long distances, or standing for prolonged periods.

[*Id.* at 413.] She further noted that "[t]he veteran's service connected IBS could possibly prevent her from securing and maintaining substantially gainful employment." [*Id*. at 421.]

SSR 16-3p requires the ALJ to consider the "entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." SSR 16-3p, 2016 WL 1119029, at *4. In evaluating medical opinion evidence, the Social Security Act distinguishes between "acceptable medical sources" and "other sources." SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). "Acceptable medical sources" include licensed physicians and psychologists, while "other sources" include nurse practitioners and physician assistants. *Fedorenko v. Colvin*, No. 3:16–CV–00202, 2017 WL 3700346, at *4 (N.D. Ind. Aug. 28, 2017). Although opinions from other sources are not entitled to controlling weight like acceptable medical sources and cannot establish the existence of a medically determinable impairment, they can be used "to show the severity of the individual's impairment(s) and how it affects the individual's ability to function." *Id.* (quoting SSR 06-3p, 2006 WL 2329939, at *2).[3]

---

[3] The Act was later amended to include licensed advance practice registered nurses as "acceptable medical sources." However, the Amended Act does not apply here because it only applies to claims filed on or after March 27, 2017. 20 C.F.R. § 404.1502.

In *Fedorenko*, the Court held that the ALJ committed error by failing to consider the opinion of a nurse practitioner because SSR 06-03p provides that an adjudicator "*must consider*" the opinions from medical sources who are not acceptable medical sources and should explain the weight given to these opinions. *Id.* at *5 (emphasis in original).[4] The Court also held that the ALJ failed to discuss the nurse practitioner's opinion when the ALJ went through each of the medical sources and specifically stated how much weight he gave to each opinion but did not acknowledge that the nurse practitioner had an opinion about the claimant's ability to work. *Id.* The Court rejected the Commissioner's argument that it was sufficient for the ALJ to discuss the nurse practitioner's therapy notes in the one-page opinion letter, even if he did not expressly discuss the nurse practitioner's opinion in the decision. *Id.* (citing *Newton v. Colvin*, No. 3:12–CV–776 JD, 2014 WL 772659 (N.D. Ind. Feb. 25, 2014)).

Here, both parties agree Ms. Pierce's opinions are not entitled to controlling weight because she is a nurse practitioner. [Dkt. 19; Dkt. 24.] However, like the ALJ in *Fedorenko*, this ALJ still needs to consider Ms. Pierce's opinions and should explain the weight given to these opinions in his discussion. The ALJ failed to do so. [*See* Dkt. 10-2.] In fact, like the ALJ in *Fedorenko*, the ALJ went through each of the medical sources and specifically stated how much weight he gave to each opinion. [Dkt. 10-2 at 20–24.] Nonetheless, the ALJ did not acknowledge or mention that Ms. Pierce had an opinion about Vineyard's ability to work. [*See Id.*]

The Commissioner's argument that, while the ALJ did not specifically address Ms. Pierce's opinions, Vineyard failed to show any reversible error, as was her burden to do so, is without merit. [Dkt. 24 at 12.] In *Kallenbach v. Colvin*, the Court held that the ALJ committed reversible error "by simply stating that they considered the [medical opinion] without showing in

---

[4] The Court also noted that there are "widely different interpretations by the district courts about whether the ALJ is obligated to discuss his reasons for not crediting opinions from 'other sources.'" *Id.*

their decisions that they did, in fact, consider them." *Kallenbach v. Colvin*, No. 15 CV 50120, 2016 WL 5914098, at *3 (N.D. Ill. Oct. 11, 2016). Here, unlike the ALJ in *Kallenbach*, the ALJ in this case did not even state in his discussion that he considered Ms. Pierce's opinions. The ALJ simply ignored the opinions as if they did not exist. [*See* Dkt. 10-2.] The Court concludes that the ALJ's omission is a reversible error.

      2.  *The Veteran Administration*

The ALJ assigned no weight to the records from the Veteran's Affairs Administration ("VA") that documented Vineyard was "ninety-percent service connected for benefits due to chronic adjustment disorder, degenerative arthritis of the spine, inflammation of the sciatic nerve, superficial scars, tinnitus, and irritable colon." [Dkt. 10-2 at 23.] Vineyard asserts the ALJ erred by failing to explain why the VA's assessment was not entitled to controlling weight. SSR 06-03p states that even though the ALJ is not "bound by disability decisions by other governmental and nongovernmental agencies," the ALJ "should explain the consideration given to these decisions." SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). The Seventh Circuit also agrees with SSR 06-03p and has directed the ALJ to provide proper explanation on whether the ALJ gives any weight to the decisions of other government agencies. *See Hall v. Colvin*, 778 F.3d 688 (7th Cir. 2015).

In addition, "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Cox v. Berryhill*, No. 2:16–CV–156–PRC, 2017 WL 3911527, at *3 (N.D. Ind. Sept. 7, 2017) (quoting SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996)). An ALJ must identify evidence that supports the claimant's ability to meet the requirements of the RFC. *Id.* The ALJ must also "explain how any material

inconsistence or ambiguities in the evidence in the case record were considered and resolved."
*Id.* (quoting SSR 96-8p, 1996 WL 374184, at *7).

Here, regarding the VA's opinion, the ALJ only stated that "[w]hile the opinion was given probative weight regarding Vineyard's impairments, it had no weight in determining Vineyard's RFC or in determining her disability as defined by the Regulations." [Dkt. 10-2 at 23.] This is a conclusory statement that contains no explanation as to how the ALJ reached his conclusion. The ALJ has an obligation to discuss and to provide proper explanation for disregarding the VA's opinion that Vineyard is "ninety percent" disabled and is "unemployable" because that opinion is "inconsistent" with the ALJ's determination that Vineyard has the RFC to perform light work. The ALJ failed to do so.

Based on the above shortcomings, the Court concludes the ALJ's analysis of the VA's opinion is deficient and not supported by substantial evidence. This error warrants remand.

### B. Irritable Bowel Syndrome

Vineyard also argues that the ALJ erred by failing to accommodate Vineyard's limitations relating to her IBS in Vineyard's RFC and the hypothetical questions posed to the VE. Vineyard's argument here is moot. As stated above, the ALJ must "explain how any material inconsistence or ambiguities in the evidence in the case record were considered and resolved." *Cox v. Berryhill*, No. 2:16–CV–156–PRC, 2017 WL 3911527, at *3 (N.D. Ind. Sept. 7, 2017) (quoting SSR 96-8p, 1996 WL 374184, at *7). Since the Court found that the ALJ failed to discuss Ms. Pierce's and the VA's assessments which contained inconsistent material with the ALJ's conclusion, there is no need to discuss Vineyard's second argument that the ALJ erred by failing to accommodate her limitations relating to IBS.

## V. Conclusion

The standard for review of the Commissioner's denial of benefits is narrow. The Court reviews the record as a whole, but neither does it reweigh the evidence nor substitute its judgment for the ALJ's. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). Where, as here, the ALJ did not build a logical bridge between the evidence in the record and the ALJ's conclusion, the Court must remand. As the Court cannot find a complete logical bridge in the ALJ's five-step sequential analysis, the Commissioner's decision is vacated and **REMANDED** for further proceedings.

Dated: 27 SEP 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Joseph R. Wambach
KELLER & KELLER
joew@2keller.com

Nicholas Thomas Lavella
KELLER & KELLER
nlavella@2keller.com

Timothy E. Burns
KELLER & KELLER
timb@2keller.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov